UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM R. BERNSTEIN       :
                         :
                         :
v.                         :       CIV. NO. 3:12CV311 (WWE)
                         :
MAFCOTE, INC.             :
                         :

RULING ON PLAINTIFF'S MOTION TO COMPEL
RESPONSE TO PRODUCTION REQUEST [DOC. #59]

Plaintiff William Bernstein moves to compel defendant Mafcote, Inc. to produce a document requested in plaintiff's second set of discovery requests, specifically a memorandum authored by defendant's president. [Doc. #59].  Defendant opposes plaintiff's motion and argues that the subject document is protected by the attorney-client privilege. [Doc. #66].  For the following reasons, the Court will sustain the assertion of the attorney-client privilege.

**Background**

Plaintiff brings this action against his former employer Mafcote, Inc. alleging claims of disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §12112(a), and the Connecticut Fair Employment Practices Act, Connecticut General Statutes §46a-60(a)(1). [Am. Compl., Doc. #55].  Plaintiff also alleges a cause of action for breach of the implied covenant of good faith and fair dealing. [Id.].

On October 4, 2013, plaintiff served his second request for production of documents, consisting of one request, namely, a copy of a "memo" referenced in an email dated January 10, 2011 between defendant's president, Steven Schulman and defendant's human resources manager, Jennifer Calderon. [Doc. #59-3, Ex. 1].  Defendant objected to the request on the basis of the attorney-client and/or work-product doctrine, and further noted that "the document(s)

responsive to this request are identified on Defendant's Privilege Log dated September 23, 2013, as Bates No. 001119-1147." [Id. at Ex. 3].  Plaintiff challenges defendant's claim of attorney-client privilege.  Defendant's privilege log entry for the challenged document indicates that it is a "[c]ommunication to attorney re 2010 budget, salaries, employment terminations." [Doc. #66-1, Ex. A]. On February 20, 2014, Magistrate Judge Fitzsimmons ordered defendant to provide a copy of the challenged document for in camera review. [Doc. #80].

## Attorney-Client Privilege

The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance. United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).  The Court construes the privilege narrowly because it renders relevant information undiscoverable; we apply it "only where necessary to achieve its purpose." Fisher v. United States, 425 U.S. 391, 403 (1976); see In re Grand Jury Investigation, 399 F.3d 527, 531 (2d Cir. 2005). The Court uses a three-pronged standard for determining the legitimacy of an attorney-client privilege claim.  A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007); Constr. Prods. Research, Inc., 73 F.3d at 473. The burden of establishing the applicability of the privilege rests with the party invoking it. In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000); United States v. Int'l Bd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 119 F.3d 210, 214 (2d Cir. 1997).

**Discussion**

The challenged document[1] is an email memorandum authored by Mr. Schulman and sent to Glenn Duhl, defendant's attorney in this litigation.[2]  Handwritten on the email are "1-10-11", "cc: J. Calderon," and "VIA: FEDEX".  Attached to the email memorandum are two spreadsheets regarding defendant's 2010 budgets. The email memorandum itself is less than two pages.

The Court has carefully reviewed the challenged document and finds that they are protected by the attorney-client privilege.  The subject memorandum and its accompanying attachments are a confidential communication between client and counsel.  Mr. Schulman's interest in keeping the document confidential is demonstrated by the January 10, 2011 email, which states he did not want the memorandum exposed on defendant's servers. [Doc. #59-3, Ex. 2].  Although the memorandum primarily conveys factual background information, it is clear that such information was provided to Attorney Duhl with an implicit request for future legal advice. Attorney Duhl moreover represents that the memorandum and its attachments "w[ere] communicated for the purpose of giving information to the undersigned to enable counsel to give sound and informed advice." [Doc. #66, at 8]. Therefore, the Court finds that the memorandum and its attachments are protected from disclosure.  See Chen-Oster v. Goldman Sachs & Co., 293 F.R.D. 547, 554 (S.D.N.Y. 2013) (compiling cases)("The privilege protects not only the advice of the attorney to the client, but also the information communicated by the client that provides a basis for giving advice."); see also In re Buspirone Antitrust Litig., 211 F.R.D. 249, 254 (S.D.N.Y. 2002) (citation omitted) (finding documents protected by the attorney-client privilege

---

[1] The challenged document bears bate stamp numbers 1119-1147.

[2] The Court's review of the email memorandum indicates that it was not sent electronically, as it does not reflect a "Sent" date and time.  The email memorandum reflects that it was addressed "To" Attorney Duhl, and the email's greeting is also directed to Attorney Duhl.

where they consisted of "information sent to corporate counsel in order to keep them apprised on ongoing business developments, with the expectation that the attorney will respond in the event that the matter raises important legal issues."); Urban Box Network, Inc. v. Interfase Managers, L.P., No. 01 Civ. 8854(LTS)(THK), 2006 WL 1004472, at *4 (S.D.N.Y. April 17, 2006) (citations omitted) ("When information is conveyed to an attorney, the communication need not specifically ask for legal advice in order to maintain the documents privileged status, so long as the information is sent to counsel in order for counsel to provide legal advice.").

On the current record, the Court declines to award defendant its reasonable costs and fees in opposing the motion to compel.

**Conclusion**

For the reasons stated, the Court sustains defendant's assertion of the attorney-client privilege for the document bearing bate stamp numbers 1119-1147, and therefore **DENIES** plaintiff's motion to compel [Doc. #59].

SO ORDERED at Bridgeport this 10th day of March 2014.


_____/s/_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE